Filed 1/29/26  P. v. Salazar CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085650 |
| Plaintiff and Respondent, | (Super. Ct. No. SWF028526) |
| v. | |
| RAYNALDO SALAZAR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, John M. Monterosso, Judge.  Affirmed as modified.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, and Alana Cohen Butler, Deputy Attorney General, for Plaintiff and Respondent.

MEMORANDUM OPINION

In 2011, a jury convicted Raynaldo Salazar of murder in the first degree (Pen. Code,[1] § 187, subd. (a)) and possession of a firearm by a prohibited person (§ 12021, subd. (a)(1)). The trial court sentenced Salazar to 51 years to life in state prison. Among other fines and fees, the trial court imposed a $200 restitution fine under section 1202.4, subdivision (b).

In January 2025, the trial court resentenced Salazar pursuant to section 1172.75, striking an invalid prison prior enhancement. Without objection, the court reimposed the balance of the $200 restitution fine by giving "full force and effect" to the prior restitution order. In June 2025, Salazar sent a letter to the trial court informally requesting it vacate the restitution fine under section 1465.9, subdivision (d). The court issued a minute order stating it would take no action on the request.[2]

Salazar appeals from the judgment following his 2025 resentencing under section 1172.75. He contends the trial court erred by including in the judgment the balance of a $200 restitution fine imposed at Salazar's 2011 sentencing. In particular, he argues section 1465.9, subdivision (d) invalidates the balance of restitution fines 10 years after their imposition. The People concede error. We accept their concession and vacate the balance

---

[1] Further undesignated statutory references are to the Penal Code unless otherwise noted.

[2] Salazar filed an unopposed motion to augment the record with his post-judgment June 16, 2025 letter and the trial court's minute order in response to the letter. We treated the motion as a request for judicial notice, which we now grant. (See Evid. Code, § 452, subd. (d) [judicial notice may be taken of records of "(1) any court of this state"].)

2

of that fine.  We find this matter appropriately resolved by memorandum opinion.  (See *People v. Garcia* (2002) 97 Cal.App.4th 847)  In all other respects, we affirm the judgment.

Effective January 1, 2025, Assembly Bill No. 1186 (2023–2024 Reg. Sess.) (Assembly Bill 1186) (Stats. 2024, ch. 805, § 1) amended section 1465.9 to add subdivision (d), which provides:  "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated."

We review questions of statutory interpretation de novo.  (*People v. Rogers* (2025) 108 Cal.App.5th 340, 354.)  " 'If the language [of the statute] contains no ambiguity, we presume the Legislature meant what it said, and the plain meaning of the statute governs.' "  (*People v. The North River Ins. Co.* (2025) 18 Cal.5th 1, 13 (*North River*).)

Salazar claims the restitution fine must be vacated pursuant to section 1465.9, subdivision (d), because more than 10 years have elapsed since the trial court imposed the fine in 2011.  The People concede the 10-year period specified in section 1465.9, subdivision (d), started with the original imposition of the fine in 2011, rather than its reimposition at the resentencing hearing in 2025.  We agree with the parties' position (see *People v. Salstrom* (Dec. 29, 2025, C102342) ___Cal.Rptr.3d___ [2025 WL 3751950, p. *5] [concluding that resentencing does not restart section 1465.9's 10-year clock]), and we accept the People's concession.

At the resentencing hearing, the trial court gave "full force and effect" to the "prior orders regarding restitution," including the $200 restitution fine imposed in 2011.  Thus, the court intended to impose the balance of the

3

original restitution fine from 2011 and not a new fine under section 1202.4, subdivision (b).  Based on the plain language of subdivision (d) of section 1465.9 (see *North River*, *supra*, 18 Cal.5th at p. 13), we conclude the court erred when it failed to vacate the balance of Salazar's $200 restitution fine. The court "ha[d] jurisdiction to modify 'every aspect' of [the] sentence at [the] full resentencing, including fines," and should have done so as to the restitution fine here.  (*People v. Salstrom*, *supra*, [2025 WL 3751950, at p. *5].)

## DISPOSITION

We modify the judgment to vacate the balance of the $200 restitution fine pursuant to section 1465.9, subdivision (d).  (See § 1260.)  As modified and corrected, the judgment is affirmed.  The trial court shall prepare a corrected abstract of judgment consistent with this opinion and forward a certified copy to the California Department of Corrections and Rehabilitation.


RUBIN, J.

WE CONCUR:


BUCHANAN, Acting P. J.


KELETY, J.

4